HERBERT BOLONEY AND ALICE BOLONEY

VERSUS

OCHSNER CLINIC FOUNDATION AND
OCHSNER CLINIC, L.L.C.

NO. 23-CA-188

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 791-101, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING


January 31, 2024


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst


**<u>AFFIRMED</u>**
 **JGG**
 **SMC**
 **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
HERBERT BOLONEY AND ALICE BOLONEY
    Ralph L. Fletcher
    Ryan J. Chenevert

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC FOUNDATION AND OCHSNER CLINIC, L.L.C.
    Don S. McKinney

**GRAVOIS, J.**

Plaintiffs/appellants, Herbert Boloney and Alice Boloney, appeal the trial court's December 12, 2022 judgment which granted a motion for summary judgment filed by defendants, Ochsner Clinic Foundation and Ochsner Clinic, L.L.C. ("Ochsner"), and dismissed all claims against Ochsner with prejudice. For the reasons that follow, we affirm the judgment under review.

**FACTS AND PROCEDURAL HISTORY**

In January 2017, plaintiffs filed a request for a medical review panel with the Louisiana Division of Administration against Dr. Victor Garcia-Prats and Ochsner. In their complaint, plaintiffs alleged that on the morning of March 19, 2016, Mr. Boloney, then 69 years old, presented to the emergency department at Ochsner Medical Center with complaints of acute exacerbation of his chronic pancreatitis, nausea, vomiting, loose stools, and lightheadedness. After informing the medical staff that he felt weak and had previously fallen, a fall risk assessment was performed. Plaintiffs claimed that Mr. Boloney scored a 16 on the assessment, and a score greater than four required that Ochsner's trauma/injury guidelines be implemented. Mr. Boloney was then given an injection of six milligrams of morphine. Over three hours later, Mr. Boloney was discharged. He was pushed in a wheelchair by a hospital staff member to just outside of the emergency department. After the hospital staff member left, Mr. Boloney attempted to stand and walk to the bus stop and allegedly tripped over the wheelchair foot pedals, fell, and hit his head. He returned to the emergency department where he was diagnosed with a scalp contusion and eventually discharged.

Plaintiffs claimed that Dr. Garcia-Prats and Ochsner breached the standard of care by discharging Mr. Boloney too soon after he received the morphine, by failing to order another fall risk assessment prior to Mr. Boloney's discharge, and by failing to perform a proper exam after he fell. Further, plaintiffs alleged that

Ochsner deviated from the standard of care by negligently leaving Mr. Boloney alone outside of the hospital in a wheelchair, by leaving the wheelchair's foot pedals down, and by failing to develop and enforce protocols for proper discharge of a patient who is a fall risk and under the influence of narcotics.

The medical review panel issued its opinion on August 14, 2018. The panel found that the evidence did not support the conclusion that Dr. Garcia-Prats failed to meet the applicable standard of care. In its reasons, the panel noted that the treatment provided to Mr. Boloney was within the standard of care, and the amount of morphine given was appropriate for Mr. Boloney's presenting complaints. Further, the length of time Mr. Boloney was in the emergency room and his discharge were appropriate. Additionally, the panel found that the evidence presented supported the conclusion that Ochsner failed to comply with the applicable standard of care since Mr. Boloney expressed a statement that could be construed as suicidal ideation and no action was taken. However, the panel found that this conduct "was not a factor of the resultant damages."

Thereafter, on January 10, 2019, plaintiffs filed a petition for damages, naming Ochsner as a defendant. Plaintiffs alleged that Mr. Boloney has continued to suffer from neck and back pain, headaches, and memory loss as a result of his fall. In addition to the same claims raised before the medical review panel, plaintiffs also alleged that "assuming" Mr. Boloney relayed any suicidal ideation to a member of Ochsner's nursing staff and was thereafter left unattended, Ochsner deviated from the applicable standard of care by failing to follow and enforce suicide prevention protocols and precaution guidelines, by not documenting the suicidal declaration, by leaving Mr. Boloney alone, and by not having him admitted for psychiatric evaluation.

On September 6, 2022, Ochsner filed a motion for summary judgment, arguing that plaintiffs will be unable to meet their burden of proof at trial through

expert testimony.  In support of its motion, Ochsner attached a copy of the medical review panel opinion and a pretrial order, in which plaintiffs did not name any expert witnesses other than the medical review panel doctors.  Ochsner argued that plaintiffs have not produced an expert to establish the standard of care, a breach in the standard of care, and causation.  Ochsner argued that the allegations in this case are not so obvious that malpractice can be inferred from the facts presented, and expert testimony is necessary to establish the applicable standard of care regarding Mr. Boloney's discharge, specifically the timing of Mr. Boloney's discharge after being administered six milligrams of morphine and any failure in not ordering a fall risk assessment before discharge.

Additionally, Ochsner asserted that plaintiffs never alleged, and are unable to prove, that Mr. Boloney fell as a result of any failure on Ochsner's part to report or act upon his alleged suicidal ideation.  In support, Ochsner submitted excerpts from Mr. Boloney's deposition.  In his deposition, Mr. Boloney stated that he has never been treated for depression or anxiety, never attempted suicide, and was not having mental health issues when he went to the emergency department on March 19, 2016.  At the time of the incident, Mr. Boloney was discharged and a nurse pushed him in his wheelchair to outside of the emergency department to catch the bus.  He recalled asking her to stay out there, and said to her, "I'm under this medicine and when I go across the street, … I could get dizzy and a bus or car could hit me."  The nurse did not stay, and Mr. Boloney sat there for 15 minutes.  When he tried to get up, he tripped over the foot pedals of the wheelchair and hit his head on the concrete.  The wheelchair flipped over and hit him in the back.  He explained in his deposition that he did not want to get hit by a bus, did not want to commit suicide when he left the hospital, and did not tell anyone at the hospital that he wanted to commit suicide that day.  He believed that Ochsner was at fault

because he was left outside after being given six to eight milligrams of morphine, and they knew he was still "under the medicine."

In opposition, plaintiffs asserted that genuine issues of material fact remain regarding liability and causation that preclude the granting of summary judgment. They asserted that the medical records show that Ochsner operated below the standard of care, and Mr. Boloney's treating physicians can provide causation testimony. Noteworthy, plaintiffs submitted no evidence in support of their opposition to the motion for summary judgment.

Following a hearing on November 29, 2022, the trial court signed a written judgment on December 12, 2022 granting Ochsner's motion for summary judgment and dismissing all claims against Ochsner with prejudice. This timely appeal followed.

On appeal, plaintiffs argue that the trial court erred in granting Ochsner's motion for summary judgment based on their failure to obtain an expert witness. Plaintiffs argue that they named the medical review panel doctors as witnesses, and the medical review panel opinion is admissible expert evidence that supports their claims since the panel found that Ochsner breached the standard of care. Plaintiffs acknowledge that the panel also found that Ochsner's breach of the standard of care was not the cause of Mr. Boloney's damages; however, they argue that opining on causation is not a proper function of a medical review panel, and causation is a question of fact. Additionally, plaintiffs assert that they have made claims under both the Medical Malpractice Act and general tort law. Plaintiffs assert that a trier of fact could determine that Ochsner was negligent when it violated its fall risk guidelines and left Mr. Boloney unattended outside in a wheelchair.

## LAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Bryde v. Lakeview Reg'l Med. Ctr., LLC*, 19-166 (La. App. 5 Cir. 12/11/19), 284 So.3d 686, 691. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue before the trial court on the motion for summary judgment, the mover is not required to negate all essential elements of the plaintiff's claim, but is only required to point out the absence of factual support for one or more elements essential to the plaintiff's claim. *Id.* The burden then shifts to the plaintiff to produce factual support sufficient to show the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reed v. Landry*, 21-589 (La. App. 5 Cir. 6/3/22), 343 So.3d 874, 880; *O'Krepki v. O'Krepki*, 16-50, 16-51 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577, *writ denied*, 16-1202 (La. 10/10/16), 207 So.3d 406.

To establish a claim for medical malpractice, a plaintiff must prove by a preponderance of evidence: 1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Generally, because of the complex medical and factual issues involved, a plaintiff will likely fail to

sustain his burden of proving his claim under La. R.S. 9:2794's requirements without expert testimony. *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228, 1234. Unless the case involves some obviously careless act from which a lay person can infer negligence, such as amputating the wrong limb or leaving a sponge in a patient's body, the absence of expert testimony as to any of the essential elements of the plaintiff's malpractice claim will preclude the imposition of liability. *Id.* at 1233-34.

In the present case, plaintiffs claimed that Ochsner deviated from the standard of care with regard to Mr. Boloney's discharge from the emergency room, as well as Ochsner's failure to report or act upon Mr. Boloney's "assumed" suicidal ideation. Upon *de novo* review, we find that this is not a case of obvious negligence; this case requires expert testimony. We find that Ochsner has shown that plaintiffs have not put forth expert testimony to prove the standard of care that applies to the administration of morphine and subsequent discharge of a patient and whether Ochsner breached the standard of care. Further, plaintiffs failed to provide expert testimony to prove that a breach in the standard of care by Ochsner surrounding the alleged suicidal ideation was the cause of Mr. Boloney's damages.

On appeal, plaintiffs argue that they named the medical review panel doctors as experts in their pretrial order. Also, they contend that the medical review panel opinion is admissible evidence that supports their claim, and the medical review panel's conclusion did not allow for a ruling on causation.

A medical review panel opinion is admissible expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. La. R.S. 40:1231.8(H); *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 890. Nevertheless, as with any expert testimony or evidence, the medical review panel opinion is subject to review and contestation by an opposing viewpoint. *Id.* Additionally, merely referring to an expert without an affidavit or deposition

testimony in which the expert testifies under oath in a manner favorable to the plaintiff's position is insufficient to create an issue of fact. *Jordan v. Cmty. Care Hosp.*, 19-0039 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 582.

Concerning the panel's duties, La. R.S. 40:1231.8(G) provides in pertinent part:

> G. The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days, render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:
>
> (1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
>
> * * *
>
> (4) *When Paragraph (1) of this Subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. …*

(Emphasis added.)

Thus, under this provision, the question of whether the negligent conduct was a factor in causing the resultant damages is within the purview of the medical review panel. *Gibson v. Jefferson Par. Hosp. Serv. Dist. No 2*, 19-283 (La. App. 5 Cir. 6/27/19), 275 So.3d 482, 491; *see also McGlothlin v. Christus St. Patrick Hosp.*, 10-2775 (La. 7/1/11), 65 So.3d 1218, 1229 (where the Supreme Court stated that an expert opinion under La. R.S. 40:1231.8 is one rendered on the issues of whether or not the evidence supports the conclusion that the defendants acted or failed to act within the appropriate standards of care and to what degree any substandard care contributed to the resultant damages).

In the present case, the medical review panel did indeed find that Ochsner breached the standard of care when Mr. Boloney expressed a statement that could be construed as suicidal ideation and took no action; however, the panel clearly

noted in its Opinion and Reasons that it did not find this breach to be a factor in Mr. Boloney's resultant damages. While the medical review panel opinion is admissible evidence, in this case it does not support plaintiffs' claim. Accordingly, we find that Ochsner has meet its burden of showing an absence of factual support for an essential element of plaintiffs' claim. La. C.C.P. art. 966(D)(1).

Thereafter, the burden of proof shifted to plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Ochsner is not entitled to judgment as a matter of law. As established above, plaintiffs have failed to provide any expert testimony to satisfy their burden of proof.[1]

Further, plaintiffs argue for the first time on appeal that their claims were raised under both the Medical Malpractice Act and general tort law. Under general tort law, they argue that genuine issues of material fact remain surrounding Ochsner's violation of its guidelines when it left Mr. Boloney unattended outside in a wheelchair. However, even considering this argument, plaintiffs have not put forth any competent summary judgment evidence, including the alleged guidelines that were purported violated, in support of their opposition to the motion for summary judgment.

Accordingly, upon *de novo* review, for the foregoing reasons, we find that plaintiffs failed to meet their burden of proof imposed by La. C.C.P. art. 966(D)(1)—"to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law"—and thus find no error in the trial court's judgment which granted

---

[1] Although plaintiffs also asserted in opposition to Ochsner's motion for summary judgment that Mr. Boloney's medical records will show that Ochsner operated below the standard of care, and that Mr. Boloney's treating physicians can provide causation testimony in contradiction to the medical review panel's finding of lack of causation, plaintiffs failed to provide any of Mr. Boloney's medical records or any testimony or opinions, expert or otherwise, from Mr. Boloney's treating physicians in opposition to Ochsner's motion for summary judgment.

Ochsner's motion for summary judgment and dismissed all claims against Ochsner with prejudice.

## **DECREE**

For the foregoing reasons, we affirm the trial court's judgment which granted Ochsner's motion for summary judgment and dismissed all claims against Ochsner with prejudice.

## **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-188**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
DON S. MCKINNEY (APPELLEE)

**MAILED**
RALPH L. FLETCHER (APPELLANT)
RYAN J. CHENEVERT (APPELLANT)
ATTORNEYS AT LAW
660 GOVERNMENT STREET
BATON ROUGE, LA 70802